## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

HOSSEIN SARRAMI et al.,          *

          Appellants,         *      Civil Action No. AW-05-1793

          v.             *

                               Civil Action No. AW-05-1891

                             *

MARYAM SADHEGI,                       *

          Appellee.

## <u>MEMORANDUM OPINION</u>

Currently pending before this Court are two Motions to Stay Pending Appeal several orders of the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court"). In particular, Appellants Hossein Sarrami and F&F, Inc. ("Appellants") contend that the Bankruptcy Court erred when it entered a series of orders authorizing the sale of real property located in Glendale, California (the "Property"), against which Appellants hold secured liens. Appellants also argue that the Bankruptcy Court abused its discretion by entering an order that allows litigation with respect to the ownership of the Property to proceed in California state court.

As a preliminary matter, the Court notes that each Motion to Stay corresponds to a separate appeal from the Bankruptcy Court (Case Nos. 05-cv-1793-AW and 05-cv-1891-AW), yet both motions, and both appeals, stem from the same bankruptcy case, *In re E. West LLC* (Case No. 04-31906-PM), and relate to the same set of facts and circumstances. Federal Rule of Civil Procedure 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court ... it may order all the actions consolidated." Fed. R. Civ. P. 42(a). The Court finds that common questions of law and fact exist between the 05-1793 case and the 05-1891 case; therefore,

1

at the outset, the Court finds that the two appeals should be consolidated into one case.[1]

With respect to the pending Motions to Stay, the Court has reviewed the pleadings and applicable law and has determined that a hearing is unnecessary. *See* Local Rule 105(6). For the reasons that follow, Appellants' Motions to Stay Pending Appeal are denied.

## I.     FACTUAL & PROCEDURAL BACKGROUND

Prior to the initiation of the underlying bankruptcy case, rights and interests in the Property were being contested in a divorce proceeding between the Appellee, Maryam Sadhegi ("Appellee") and her estranged husband, Firooz Sadhegi, which was (and apparently remains) pending in California state court. Appellee claims that her husband is the beneficial owner of the Property and that transfer of legal title to E. West LLC (the "Debtor"), an entity managed in part by Appellee's brother-in-law, was effected solely to deprive her of the opportunity to satisfy spousal and child support claims against her husband, which are purportedly in excess of $400,000.[2]  Appellee also claims that the deeds of trust held by Appellants, who are allegedly family members and business associates of her estranged husband, are invalid. Appellee urged the California court to void the liens held by Appellants and to transfer title and ownership of the Property to her.

By all accounts, Appellee had reason to be pleased with the course of litigation in the California court. After Appellee filed a *lis pendens* against the Property, the Debtor moved to intervene in the litigation and have the *lis pendens* expunged, claiming that it interfered with a proposed sale of the Property. Following a hearing, the California court denied the Debtor's motion

---

[1]Details concerning this consolidation can be found in the Order accompanying this Memorandum Opinion.

[2]According to the pleadings, Mr. Sadhegi vanished in February 2004, on the eve of a contempt hearing in the California court, and a bench warrant for his arrest is outstanding.

and found that Appellee had "established a valid claim to the subject property." The California court further noted that "[Appellee] has established that the complicated financial dealings of [the Debtor] and various third parties . . . were on behalf of [Appellee's husband] for the purpose of obfuscating [Appellee's husband's] interest in the subject property." After the California court denied the motion to expunge the *lis pendens*, Appellant F&F, Inc., an entity owned in part by Appellee's brother-in-law, moved to foreclose its deed of trust on the Property. Appellee successfully obtained a temporary restraining order preventing F&F, Inc. from foreclosing, and a hearing on Appellee's motion for a temporary injunction was scheduled for August 10, 2004. The hearing was continued to October 10, 2004, on account of Appellee's brother-in-law's illness.

Shortly before the continued hearing date, on September 23, 2004, the Debtor filed, in the Maryland Bankruptcy Court, a voluntary petition under Chapter 7 of the Bankruptcy Code. A Trustee was appointed to preside over the liquidation of the Property, which was evidently the sole asset of the bankruptcy estate. Appellants, who hold deeds of trust encumbering the Property, filed proofs of claims on March 16, 2005, establishing that they hold liens over the Property totaling nearly $700,000. Appellee did not file a proof of claim but her counsel appeared at the initial creditors' meeting. A real estate agent was retained to sell the Property, which received an initial bid of $850,000, and ultimately sold for $965,000.

Appellants contest three separate orders of the Bankruptcy Court. On May 3, 2005, the Bankruptcy Court granted Appellee's Emergency Motion to Reconsider a consent order authorizing the sale of the Property (the "First Reconsideration Order"). The First Reconsideration Order vacated a Sale Order which permitted the bankruptcy Trustee to liquidate the Property and immediately satisfy the liens held by Appellants. On June 2, 2005, the Bankruptcy Court entered a

second order (the "Second Reconsideration Order") which reinstated the Sale Order, but directed that the proceeds of the sale be held in escrow pending a final determination of the parties' rights and interests with respect to the Property. On June 13, 2005, the Bankruptcy Court entered an order granting relief from automatic stay (the "Lift Stay Order"), freeing the California court presiding over Appellee's divorce proceeding to adjudicate ownership of the Property as well. Given that the sale of the Property has already taken place, the cumulative effect of the three orders is to hold the proceeds of the sale in stasis until the California court determines whether Appellee has any genuine interest in the Property, and, if so,  how her interest might affect the validity of Appellants' liens.

## II.   ANALYSIS

The standard for granting a stay from an order of the bankruptcy court mirrors the well-known test for determining whether to issue a preliminary injunction or a temporary restraining order. *See Quarles v. Miller*, 193 B.R. 779, 782 n.5 (W.D. Va. 1996). Pursuant to the Fourth Circuit's holding *Blackwelder Furniture Co. v. Seilig Mfg. Co.,* 550 F.2d 189, 195 (4th Cir. 1977), the movant bears the burden of establishing each of the following: (1) irreparable injury absent the stay; (2) an absence of substantial injury to other parties; (3) a likelihood of success on the merits; and (4) the granting of a stay would be in the interest of the public. *Id.*

Under this hardship balancing test, "the first two factors regarding the likelihood of irreparable harm to the plaintiff if denied and of harm to the defendant if granted are the most important." *Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997) (internal citations omitted); *see In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003) ("[e]mphasis on the balance of these first two factors results in a sliding scale that demands less of a showing of likelihood of success on the merits when the balance of hardships weighs strongly in favor of the plaintiff, and

vice versa."). As such, "the first task of the district court is to determine the harm that will be suffered by the plaintiff if no preliminary injunction is entered." *Id.* The harm demonstrated by the plaintiff must be "neither remote nor speculative, but actual and imminent." *Id.* (internal citations omitted). The district court must then balance this harm against the harm that the defendant would suffer if the preliminary injunction is granted. *Id.*

First, the Court finds that Appellants have failed to demonstrate that they will suffer irreparable harm if the relief they seek is denied. Appellants argue that the Bankruptcy Court's orders irreparably injure the purchasers of the Property, because their claim to the title may be called into question if the California state court finds that the Trustee lacked proper ownership sufficient to sell the Property. The Court is unpersuaded by this argument. Not only is Appellants' claim highly speculative, but it sets forth a scenario in which the alleged harm would befall a third party, rather than Appellants themselves. The purchasers of the Property are not participants to this action, and it is not apparent that they will suffer any injury even if the California court rules in Appellee's favor. The proceeds of the sale of the Property could be redistributed without upsetting the underlying transaction, leaving title to the property, free and clear of all liens and encumbrances, resting in the purchasers' hands. In any case, this Court is reluctant to grant a stay on the basis of speculative harm that might inure to the detriment of a nonparty.

Appellants also contend that, under Section 363(f) of the Bankruptcy Code, they had an absolute right to object to the sale of the Property and that their consent to the transfer was dependent on provisions in the Sale Order guaranteeing that their liens would be satisfied immediately following the transaction. Those provisions were vacated by the First and Second Reconsideration Orders.

Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if —
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which the property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). Appellants argue that the Bankruptcy Court's orders deprived them of their right to object to the sale under Section 363(f)(2). First, assuming *arguendo* that Appellants were injured by an inability to withdraw their consent under Section 363(f)(2), the Court notes that Appellants have made out a retrospective, rather than prospective, harm. Granting Appellants' motions to stay will not bring back their right to object unless the sale itself is vacated, an action that neither party has advocated.

Second, as noted by Appellee, the Trustee was entitled to proceed with the sale without Appellants' consent, because their interest in the Property was in "bona fide dispute" under Section 363(f)(4). A "bona fide dispute" exists when "there is an objective basis for either a factual or legal dispute as to the validity of the asserted interest." *In re Taylor*, 198 B.R. 142, 162 (Bankr. D.S.C. 1996). This standard  "does not require that the Court resolve the underlying dispute or determine the probable outcome of the dispute, but merely whether one exists." Id. (citing *In re Collins*, 180 B.R. 447, 452 (Bankr. E.D. Va. 1995) and *In re Octagon Roofing*, 123 B.R. 583, 590 (Bankr. N.D.

Ill. 1991)). "Although courts have not agreed on a precise definition of 'bona fide dispute,' it clearly entails some sort of meritorious, existing conflict." *In re Atlas Machine & Iron Works v. Bethlehem Steel*, 986 F.2d 709, 715 (4th Cir. 1993).

It is clear that a "meritorious conflict" exists regarding the ownership of the Property and the validity of Appellants' liens. The California state court found that Appellee has "established a valid claim to the subject property." Based upon the record before us, this Court is not in a position to rule to the contrary. Because of the "bona fide dispute" over the ownership of the Property, Appellants' right to object under Section 363(f)(2) was merely illusory, and Appellants suffered no irreparable injury when the Bankruptcy Court effectively denied them that "right."

Additionally, the Court finds that the likelihood of harm to Appellee is not insignificant. If Appellants' motions are granted, Apellee's long-running efforts to reach a final determination as to the ownership of the Property will be further delayed. Furthermore, if the original Sale Order is reinstated and Appellants' liens are satisfied, Appellee's options for recovery of spousal and child support claims will be severely curtailed, as the bulk of the proceeds from the sale of the Property will be distributed prior to the California court's ruling on the merits of her support claims. The interests of all the parties are best protected by preserving the proceeds of the sale until their respective rights to the Property can be resolved.

Finally, the Court does not believe that the remaining factors counsel the imposition of a stay; Appellants have not shown such a strong likelihood of success on the merits or a such a serious public interest so as to overwhelm Appellants' failure to demonstrate irreparable harm. Indeed, the public interest is best served by allowing a California state court applying California property and domestic relations law to resolve this dispute. This Court is in agreement with Bankruptcy Judge

Mannes, who stated in his Memorandum Opinion that "the proper venue for this intra-family dispute

is in California, the situs of the marriage and the situs of the real property."


**III.**     **CONCLUSION**

For all of the aforementioned reasons, this Court will deny Appellants' Motions to Stay

Pending Appeal.  An Order consistent with this Opinion shall follow.


November 7, 2005                                       /s/
Date                                       Alexander Williams, Jr.
                                          United States District Judge